UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>FAUSTO ENRIQUE URIAS,<br><br>        Defendant. | Case No. 4:12-CR-278-BLW<br><br>**SUPPLEMENTAL PRELIMINARY ORDER OF FORFEITURE PURSUANT TO RULE 32.2** |

This matter having come before the Court on the Government's Motion for Supplemental Preliminary Order of Forfeiture Pursuant to Rule 32.2(e)(1), and based upon the record and filings herein, and the Rule 11 Plea Agreement of FAUSTO ENRIQUE URIAS (ECF No. 96) to the Superseding Indictment, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853;

IT IS HEREBY ORDERED THAT:

The Government's Motion for Supplemental Preliminary Order of Forfeiture Pursuant to Rule 32.2 (ECF No. 242) is GRANTED and the defendant shall forfeit to the United States the property items described below and currently held by the Federal Bureau of Investigation (or a designee):

a. Sony Laptop Computer Model Number PCG-51211L;

b. DVR Model Number ST4500 serial number 3R-S04-110-0004;

c. LG TV model number 47LD450-UA serial number 006RMZCAQ549;

d. Toshiba Laptop Computer model number PSLD8U-08201E partial serial number 29541765;

e. Royal Sovereign Money Counter model number RBC-1003BK serial number K08H11025137;

f. Four closed circuit security cameras; and

g. Grey in color 2002 Chevrolet Suburban, VIN 1GNFK16ZX2J123941.

       TOTAL CREDIT $6,755.00

**<u>Substitute Assets:</u>**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable properties described above.

The Court has determined that the property and property interests set out above are subject to forfeiture pursuant to 21 U.S.C. § 853(p) as substitute property to satisfy in part the $100,000 money judgment set out in the Court's Preliminary Order of Forfeiture (ECF No. 118).

Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or a designee) may direct, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within sixty (60) days of the first publication date of the notice or within thirty (30) days of receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), and made applicable pursuant to 28 U.S.C. § 2461(c).

Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration

of the period provided in pursuant to 21 U.S.C. § 853(n)(2), and made applicable pursuant to 28 U.S.C. § 2461(c) for the filing of third-party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), the preliminary order of forfeiture was final as to the defendant at sentencing and was included in his judgment.

This Court shall retain jurisdiction to enforce this Order, and to continue to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: August 27, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court